UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA v. DAVID M. LUST         5:07-CR-153
_____

## **ORDER**

      This defendant was originally charged in count six of a superceding indictment, filed on June 13, 2007. (Dkt. No. 25).  Defendant Lust and other defendants were charged with conspiracy to threaten to commit a crime of violence in aid of racketeering, in violation of 18 U.S.C. §§ 2, 1959(a)(4).  On June 22, 2007, defendant appeared for arraignment before United State Magistrate Judge David E. Peebles.  The Government moved for detention, and Magistrate Judge Peebles held a detention hearing on June 25, 2007.  After hearing the evidence proffered by the Government and the defendant, together with a recommendation by Pre-trial Services, Judge Peebles released defendant Lust on conditions.

      On December 12, 2007, the Government filed a second superceding indictment against defendants David M. Lust and Dominic Bonanza. (Dkt. No. 97).  In addition to the original charge, the second superceding indictment charges that both defendants committed another overt act on February 11, 2007 in furtherance of the original conspiracy.  The second superceding indictment also adds a charge of possession with intent to distribute cocaine[1] in violation of 21 U.S.C. § 841(a) against defendant Lust.  The conspiracy charge against defendant Lust alleges that he aided and abetted co-defendant Bonanza in threatening and committing an assault in aid of racketeering.

---

[1] The amount of cocaine is not contained in the indictment.

Both defendants appeared before this court for arraignment on December 14, 2007, and the Government moved for pre-trial detention. I held a detention hearing on the same day. The Government filed a similar memorandum in support of their motion for detention as filed before Magistrate Judge Peebles. (Dkt. No. 94). After the hearing, this court afforded both sides the opportunity to file additional argument in support of their positions. On December 17, 2007, additional memoranda were filed by the two defendants. The Government filed an additional affidavit by Special Agent DeSantis of the Federal Bureau of Investigation.

## DISCUSSION

The Government has again moved for detention of defendant Lust based upon the addition of another crime of violence as well as the drug charge contained in the second superceding indictment. Government counsel argues that this defendant is a danger to the community. The Government does not appear to claim that defendant is a risk of flight. Upon a defendant's appearance before a judicial officer, that officer must consider whether to release, and if so, under what conditions to release that individual pending trial. 18 U.S.C. § 3142(a). Under certain circumstances, counsel for the Government may move for the detention of the defendant. 18 U.S.C. §§ 3142(f)(1) & (f)(2).

Two of the circumstances in which Government counsel may move for detention are (1) if the case involves a crime of violence or (2) if the case involves an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. 18 U.S.C. §§ 3142(f)(1)(A)

& (f)(1)(C). The Government may move for a detention hearing, or the judicial officer may hold a hearing on his own motion, in a case where the defendant presents a serious risk of flight or a serious risk that the defendant will either attempt to obstruct justice or attempt to threaten, injure, or intimidate a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(A) & (f)(2)(B). Because this case involves a crime of violence,[2] the issue of detention is properly before the court.

The ultimate question is whether there are any conditions or combination of conditions that will ensure the appearance of the defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The Government argues that because this defendant has been charged in the second superceding indictment with a crime under 21 U.S.C. § 841(a)(1) for which at least a ten year or more maximum term of incarceration is provided, he is subject to the presumption contained in 18 U.S.C. § 3142(e). *United States v. Contreras*, 776 F.2d 51, 52 (2d Cir. 1985)(citing 18 U.S.C. § 3142(e)). The filing of an indictment or a valid criminal complaint will suffice to establish the required probable cause. *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985).

The court would also note that in a presumption case, once a defendant presents rebuttal evidence, the presumption does ***not*** disappear completely, but continues to be weighed along with other factors. *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir.

---

[2] The court is well aware that there is also a controlled substance charge in this case, but will consider the effect of that charge later in this order. The fact that one of the new charges against this defendant involves a crime of violence is sufficient to place the issue of detention before the court.

1991). However, the Government has the burden of proving risk of flight by a preponderance of the evidence and proving danger to the community by clear and convincing evidence. *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995)(danger); *United States v. Jackson*, 823 F.2d 4, 5 (2d Cir. 1987)(risk of flight). The factors to be considered include the nature and circumstances of the offense charged; the weight of the evidence; the personal circumstances of the defendant; and the nature and seriousness of the risk to the community that would be posed by the defendant's release.. *United States v. Mikula*, 05-CR-144S, 2006 U.S. Dist. LEXIS 89711, *5 (W.D.N.Y. Dec. 10, 2006)(citing 18 U.S.C. § 3142(g)).

Regardless of whether defendant is released or detained after the hearing, the statute provides that a hearing ***may be reopened at any time before trial*** if the court finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are appropriate conditions of release that will ensure both the return of the defendant and the safety of the community. 18 U.S.C. § 3142(f).

Although there is a new charge against this defendant, this court finds that most of the evidence is the same as it was before Magistrate Judge Peebles when he released defendant Lust in June of 2007. Defendant Lust has complied with all the conditions of pre-trial release. The conduct that is charged in the second superceding indictment is conduct that occurred ***before defendant's release by Judge Peebles***. Although the conduct must be considered, the court must also consider the other factors involved, including defendant's ties to the community as well as his current

4

behavior on release.

It is also unclear whether this case is one which would trigger the presumption since there is no amount of cocaine listed in the second superceding indictment, and it was unclear at the hearing how much cocaine the Government claims was involved. The presumption is triggered if there is a ten year or more maximum penalty listed for the crime in the statute. 18 U.S.C. § 3142(e).  The statute provides for penalties based on the quantity of drugs involved. 21 U.S.C. § 841(b).  Since the quantity of controlled substance is still unclear, the court cannot properly determine whether the presumption is triggered.  However, even if there were a presumption in this case, the fact that there may now be a presumption does not automatically mean that the defendant should be detained.  Clearly the controlled substance charge is a ***serious*** one, but without some clear evidence of the quantity of cocaine involved and some details of the allegations, the court cannot fully analyze the import of this charge on defendant's pretrial release.

The fact that defendant Lust has been charged with a controlled substance offense is certainly evidence that was not before Judge Peebles, however, even taking that charge into consideration, the court still finds that this defendant has a relatively ***minor prior criminal record***, the last charge being a driving while intoxicated misdemeanor in ***1991***.[3]  He has employment and ties to the community, and has been complying with all the conditions imposed by Judge Peebles.

---

[3] The court is relying upon the Pretrial Services Report that was before Magistrate Judge Peebles in June of 2007.

Because of this new charge, the court will impose an additional condition that defendant must submit to regular drug testing.  Defendant is on clear notice that a positive test for the use of a controlled substance will bring him back to court on a petition for violation of his release conditions.  Defendant is also warned that any threat or harassment *directed to any person*,[4] whether or not that person is involved in this case, may also result in the revocation of his pretrial release.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that the Government's motion for detention of defendant **LUST** is **DENIED WITHOUT PREJUDICE**, and it is further

**ORDERED**, that this defendant shall be released on the same conditions as determined by Magistrate Judge Peebles with an additional drug testing condition to be added[5], and it is

**ORDERED**, that *as an additional condition of release*, defendant will now be required to submit to **WEEKLY** drug testing at the Probation Office in Syracuse, New York, beginning on Friday December 21, 2007 and every week thereafter or on a schedule to be determined by the Probation Office, but not less than once each week.

Dated: December 19, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

---

[4] This includes direct threats *and* threats or harassment that are *indirectly* caused by defendant *even if the defendant does not contact the individual himself*.

[5] These conditions will be listed on a separate order that defendant must sign.